UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Donald Meggs, Jr., # 277400, ) <br> *a/k/a Jimmy D. Meggs, Jr.,* ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> State of South Carolina; ) <br> Cecilia Reynolds, Warden of Kershaw C.I.; ) <br> Linda Bradshaw, A/W of Turbeville C.I., et. al, ) <br> ) <br> Defendants. ) <br> _____) | C/A No. 8:11-949-TLW-JDA <br><br><br><br> **REPORT AND RECOMMENDATION** |

Jimmy Donald Meggs, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint should be dismissed for failure to state a claim on which relief may be granted and immunity.

Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411,

417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff was convicted by a jury of two counts of engaging a child for sexual performance and two counts of contributing to the delinquency of a minor on August 9, 2001, in the Florence County Court of General Sessions. *See Meggs v. Knowlin*, C/A No. 8:10-1774-TLW-JDA (D.S.C.) [R and R, April 28, 2011, ECF No. 48].[2] Plaintiff received a 20-year sentence of imprisonment. *Id.* Plaintiff alleges that he was wrongfully convicted of the two counts of engaging a child for sexual performance in violation of S.C. Code Ann. § 16-3-810 (1976). Compl. 3-4. Plaintiff alleges that he "recently received information that the statute that I was convicted under [does] not apply to the circumstances of my case." *Id.* Plaintiff seems to allege that he has obtained legislative history related to the statute under which he was convicted, and Plaintiff alleges that the statute relates to child pornography. *Id.* Plaintiff also alleges that the State had to prove that Plaintiff committed a "sexual battery" as required for "criminal sexual conduct" but the State did not prove that Plaintiff committed a "sexual battery." *Id.* As to Plaintiff's access to courts, Plaintiff alleges, "The 'department' clearly interfered with my access to the courts by locking me down for no reason, denying me access to the institutional law library, and denying me of 'hot meals'

---

[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

while on this bogus investigation." Compl. 4.  Plaintiff seeks compensatory and punitive damages, an injunction to prevent retaliation, and he requests that this Court "vacate my conviction of two counts of engaging [a] child for sexual performance." Compl. 5.

Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on July 8, 2010, wherein he attacks his conviction entered in the Florence County Court of General Sessions on August 9, 2001.  *See Meggs v. Knowlin*, C/A No. 8:10-1774-TLW-JDA (D.S.C.) [ECF No. 1, 48].[3]  Plaintiff's § 2254 action is pending.  *Id.*

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff attempts to allege that his constitutional right to meaningful access to the courts has been denied.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008).  Specifically, Plaintiff alleges that Defendants

---

[3] It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records).

4

locked him down for no reason and denied his access to the institutional law library. However, Plaintiff does not allege any specific actual injury. It is well settled that to state a cognizable claim for denial of meaningful access to the courts a prisoner must allege specific actual injury resulting from the alleged denial. *Lewis,* 518 U.S. at 349-353 (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). Therefore, Plaintiff has failed to state a cognizable claim for denial of access to the courts.

Further, Plaintiff brings this action against the State of South Carolina, but the State has immunity from suit in this Court. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact....'" *Virginia Office for Prot. & Advocacy v. Stewart,* 131 S.Ct. 1632, 1637-38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.*, 1637 n.1. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a

State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Accordingly, Defendant State of South Carolina should be dismissed based upon Eleventh Amendment immunity.

Additionally, the Complaint is subject to summary dismissal because Plaintiff seeks money damages for his alleged false imprisonment due to his two counts of conviction of engaging a child for sexual performance. Plaintiff's false imprisonment claim fails to state a claim on which relief may be granted. The Supreme Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement). The Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

6

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.  This is known as the "favorable termination" requirement.  *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008).  A favorable determination on the merits of Plaintiff's false imprisonment claim in this § 1983 action would imply that Plaintiff's state criminal conviction is invalid. Plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his state court conviction; thus, the Complaint should be dismissed.[4]

Finally, although Plaintiff requests that this Court vacate his state criminal conviction, release from prison is not available in this civil rights action.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).  In this Court, Plaintiff has pending a habeas action pursuant to § 2254 wherein Plaintiff may raise all grounds for relief related to his arguments why his state conviction should be vacated.  *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970) (finding that the district court had the right to take notice of its own files and records and it had no duty to grind the same corn a second time -- once was sufficient).

---

[4] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Bd.*, 947 F.Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F.Supp. 672, 685-688 (E.D.Va. 1994).

7

Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

                                                s/Jacquelyn D. Austin

                                                Jacquelyn D. Austin
                                                United States Magistrate Judge

May 18, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).